MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: AmeriCredit Financial Services Inc., dba GM Financial

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>DOUGLAS TOMPSON, JR.<br>WANDAA THOMPSON | Case No. 19-12879(KCF)<br>Chapter 13<br>Hearing Date: 4-10-19<br>**OBJECTION TO CONFIRMATION** |

AmeriCredit Financial Services Inc., dba GM Financial (GM Financial), a secured creditor of the Debtors, objects to the Debtor's plan for the following reasons:

a. **VEHICLE UNDERVALUED; INTEREST RATE TOO LOW:** GM Financial holds a first purchase money security interest encumbering a 2012 CHRYSLER 200 owned by the debtors. The vehicle is undervalued in the plan and the interest rate is not correct. The vehicle had a clean retail value of $7,475.00 in the FEBRUARY 2019 NADA Official Used Car Guide with assumed mileage of 92,500. Prime rate of interest is now 5.5%. The plan should be amended to pay GM Financial $7,475.00 with interest at 6.5%. The trustee should compute interest. If interest

    was pre-computed, the trustee would pay GM Financial $8,775.42 over 60 months.

b. **Adequate protection payments:** The plan violates Code sections 361, 1325 and 1326. It does not pay adequate protection payments. GM Financial requests that the trustee pay it adequate protection payments in equal monthly payments each month of $75 per month beginning in MARCH of 2018, (being 1% of the vehicle value). GM Financial requests that these payments be given super priority administrative expense status and paid ahead of attorney fees, and should continue over the life of the plan.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. GM Financial must be listed as loss payee or additional insured. **The Debtors must provide GM Financial with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance**.

    d. GM Financial must retain its lien on the vehicle following confirmation, and until it is paid in full through the plan, the plan completes and the debtors receive a discharge.

    e. The order of payments must be modified to provide for the priority of adequate protection payments to GM Financial.

/s/ John R. Morton, Jr.

_____
John R. Morton, Jr., attorney for
AmeriCredit Financial Services Inc.,
dba GM Financial

Date: 3-28-19